**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 18-4171**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

ALEXIS AQUIRRE-VELASQUEZ, a/k/a Wilfer Antonio Cruz-Contreras, a/k/a Wilfer Antonio Contreras,

       Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:17-cr-00029-D-1)

---

Submitted: October 29, 2018                Decided: November 14, 2018

---

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, G. Norman Acker, III, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexis Aquirre-Velasquez pled guilty without a plea agreement to being found in the United States after having previously been excluded, deported, and removed, in violation of 8 U.S.C. § 1326 (2012). He was sentenced to 24 months' imprisonment, followed by one year of supervised release. He appeals, challenging his sentence. For the reasons that follow, we affirm.

Aquirre-Velasquez was arrested by the U.S. Border Patrol in February 2013 and subsequently removed to his native Mexico. At some point, he returned to the United States and, in July 2016, was arrested in North Carolina and charged with four counts of taking indecent liberties with a minor. He was sentenced in state court to 20-33 months' imprisonment on each count, to run consecutively. In his state court proceedings, Aquirre-Velasquez was identified by a name other than the name he had used in the 2013 federal proceedings.

In March 2017, while in state custody, Aquirre-Velasquez's identity was discovered after his fingerprints were taken and analyzed by federal agents. He was then charged, in June 2017, with violating 8 U.S.C. § 1326(a). Aquirre-Velasquez's total offense level of 15 was calculated as follows: (1) a base offense level of 8, *see* U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(a) (2016); (2) a 10-level addition because he committed a non-immigration offense resulting in a sentence of five or more years' imprisonment, USSG § 2L1.2(b)(3)(A); (3) less 3 levels for acceptance of responsibility. Based on a criminal history category of III, Aquirre-Velasquez's advisory Guidelines range was 24-30 months' imprisonment. However, because the statutory

2

maximum is 24 months, this became his Guidelines range. The district court imposed the 24-month sentence but declined to run the sentence concurrently with Aquirre-Velasquez's state sentence. He appeals, raising three claims: (1) the district court's application of the 2016 edition of the Sentencing Guidelines Manual constituted an ex post facto violation; (2) the district court erred by adding two points to his criminal history score pursuant to USSG § 4A1.1(d); and, (3) the district court abused its discretion by refusing to impose his sentence concurrently with his state court sentence.

We review Aquirre-Velasquez's sentence for reasonableness under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, this court examines the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Lymas*, 781 F.3d at 111-12 (quoting *Gall*, 552 U.S. at 51).

Aquirre-Velasquez first argues that the district court's use of the 2016 edition of the Guidelines manual violated the Ex Post Facto Clause because, had the court applied the 2015 edition, he would not have received the 10-level increase under USSG § 2L1.2(b)(3)(A), as this provision was not added until the 2016 edition. Aquirre-Velasquez claims that the district court should have applied the 2015 edition based on the date he was "found"—July 15, 2016, the date he was arrested on state charges. Citing

*United States v. Acevedo*, 229 F.3d 350, 355 (2d Cir. 2000), Aquirre-Velasquez argues that an offense under § 1326 is complete when "the authorities both discover the illegal alien in the United States, . . . and know, or with the exercise of diligence typical of law enforcement authorities could have discovered, the illegality of his presence." *Id.*

The Guidelines direct the sentencing court to use the manual "in effect on the date that the defendant is sentenced unless to do so would violate the Ex Post Facto Clause of the Constitution." *See* USSG § 1B1.11(a), (b)(1) (2016); *see also United States v. Lewis*, 606 F.3d 193, 199 (4th Cir. 2010) (noting that court should apply current version of Guidelines rather than that in effect at time of commission of the offense unless Guidelines amendments retroactively increase the penalty for the conduct and there is "a significant—rather than speculative or attenuated—risk of an increased sentence" (internal quotation marks omitted)). The Guidelines further provide that, if use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the Ex Post Facto Clause, "the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." USSG § 1B1.11(b)(1).

Aquirre-Velasquez argues that the date of his offense was July 15, 2016, when he was arrested on state charges. However, Aquirre-Velasquez was not—and could not have been—"found" on that date because he had been using an alias. *See United States v. Uribe-Rios*, 558 F.3d 347, 356 (4th Cir. 2009) ("Regardless of whether [§] 1326 countenances a constructive knowledge theory, such a theory is unavailable to Appellant because of his own malfeasance in using an alias and because fundamental principles of dual sovereignty do not allow us to impute the knowledge of state officials to federal

4

officials."). Therefore, the district court properly applied the 2016 edition of the Guidelines.

Next, Aquirre-Velasquez argues that the district court erred in adding two points to his criminal history score pursuant to USSG § 4A1.1(d) (2016) (providing for a two-point addition "if the defendant committed the instant offense while under any criminal justice sentence"). Again, Aquirre-Velasquez relies on his argument that the date of his offense was July 15, 2016, when he was arrested on state charges. However, as stated above, the date of Aquirre-Velasquez's offense was the date he was "found" by federal authorities—in March 2017. Therefore, because he was serving his state court sentence at the time, the district court appropriately added the two points to his criminal history score.

Finally, Aquirre-Velasquez claims that the district court abused its discretion by declining to impose his sentence concurrently with his state court sentence. District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). Indeed, 18 U.S.C. § 3584 (2012) grants courts discretion to run a sentence consecutively or concurrently to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). The statute directs that, in exercising this discretion, the court is required to consider the § 3553(a) factors. 18 U.S.C. § 3584(b). The Guidelines also offer direction to courts when deciding whether to run a sentence consecutively or concurrently to an undischarged term of imprisonment.

5

*See* USSG § 5G1.3.  We have reviewed the record and find that the district court properly considered the appropriate factors and exercised its discretion in declining to impose Aquirre-Velasquez's sentence concurrently with his state sentence.

Therefore, we affirm Aquirre-Velasquez's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*